**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 25-cv-22189-ALTMAN-LETT**

**SKY BRIDGE CARGO, W.L.L.,**

      Plaintiff,

v.

**SKYJET, INC.**,

      Defendant.

_____/

**REPORT AND RECCOMENDATIONS ON**
**MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**

This matter is before the Court upon the Honorable Roy K. Altman's Order Referring Motion to Magistrate Judge, referring Plaintiff Sky Bridge Cargo, W.L.L.'s Renewed Motion for Final Default Judgment Against Defendant Skyjet, Inc. (the "Motion"), [ECF No. 28], to the Undersigned for a report and recommendation. *See* ECF No. 30. Having reviewed Plaintiff's Motion, the record, and relevant legal authorities, for the reasons provided herein, it is recommended that Plaintiff's Renewed Motion for Default Judgment be granted.

**FACTUAL BACKGROUND**

Plaintiff, as lessee, and Defendant, as lessor, entered into the Wet Lease Agreement (the "Agreement") for an aircraft and crew in June 2021. Compl. ¶ 5, ECF No. 1; Ibrahem Decl. Ex. 13, ECF No. 29-13. Plaintiff entered into the Agreement so that it could perform its obligations under third-party contracts to provide cargo

delivery services to Sky Bridge Customers[1]. Ibrahem Decl. ¶¶ 12-13, ECF No. 29. Defendant was aware in negotiating the Agreement with Plaintiff that Defendant's breach of the Agreement would endanger Plaintiff's business operations and contractual obligations to third parties. Compl. ¶ 7; Ibrahem Decl. ¶¶ 13-14.

Pursuant to the Agreement, in eleven separate installments, Plaintiff paid $4,009,156 to Defendant to lease the aircraft and flight crew. Compl. ¶ 6; Ibrahem Decl. ¶ 16, Exs. 3-13 (chart of the eleven invoices, invoices of payments). Defendant, however, never provided the leased aircraft and crew to Plaintiff. Compl. ¶ 8. In March 2022, Defendant ceased all communication with Plaintiff. Compl. ¶ 9. Plaintiff made several demands that Defendant furnish the leased aircraft and crew or return Plaintiff's $4,009,000 payment. Compl. ¶ 10; Ibrahem Decl. ¶¶ 21-22, Ex. 15.

Since Defendant never furnished Plaintiff with the leased Aircraft, Plaintiff was unable to perform the twelve contracts entered into with the Sky Bridge Customers, and, consequently, lost a total of $411,242,000. Ibrahem Decl. ¶¶ 24-28, Exs. 16-27; Mot. at 6. Further, Plaintiff incurred additional expenses related to handling fees and costs for that would have been needed to operate the leased aircraft, totaling $20,783.44. *Ibrahem Decl.* ¶¶ 29-38.

## PROCEDURAL BACKGROUND

Plaintiff filed a single count complaint in this action on May 13, 2025, alleging

---

[1] Plaintiff informed Defendant that it had secured contracts with Coyne Airways ("Coyne"), Strategic Service Group, LLC ("Strategic"), Cong Ty TNHH Hang Khong VFLYAIR ("Cong Ty"), Pacific Air Services Co. Ltd. ("Pacific"), OCG Aviation Inc. ("OCG"), East West Aeronautical ("EWA"), and Yunnan Skyline Air Service Co., Ltd. ("Yunnan"), collectively, "Sky Bridge Customers."

Defendant breached the parties' contract to lease an aircraft and crew, (the "Complaint"), ECF No. 1. On September 23, 2025, the Court issued an Order to Show Cause to Plaintiff ordering Plaintiff to comply with Federal Rule of Civil Procedure 4(m) and serve the Defendant, file proof of service, and show good cause for its delay. *See* ECF No 14. On September 24, 2025, Plaintiff filed its Response to the Order to Show Cause, ECF No. 16, and properly docketed an executed return of service reflecting that the Defendant's registered agent was served with the Complaint in this matter on May 23, 2025. *See* ECF No. 15.[2] On October 9, 2025, the Court issued an Order finding "Defendant's response to the Complaint, [] was due on June 13, 2025. That deadline has passed, and the Defendant hasn't responded to the Complaint, requested an extension of time, or otherwise appeared in the case at all." ECF No. 17.

Plaintiff filed a Motion for Clerk's Entry of Default as to Defendant Skyjet, Inc. on October 14, 2025. ECF No. 18. On October 15, 2025, the Clerk entered a Clerk's Default against Defendant. ECF No. 19. Plaintiff filed the Motion for Final Default Judgment Against Defendant on October 21, 2025. ECF No. 20. In support of Plaintiff's Motion for Final Default Judgment, Plaintiff also filed the Declarations of Andrew H. Reiss, ECF No. 21, and Fadi Ibrahem, ECF No. 22, attaching supporting documentation as exhibits.

On January 16, 2026, this Court issued a Report and Recommendation

---

[2] Under the Federal Rules of Civil Procedure, service of process on a corporation may be effectuated by delivering a copy of the summons and complaint to an agent authorized by law to receive service. Fed. R. Civ. P. 4(h)(1)(B). Florida authorizes service on a corporation via a designated registered agent. Fla. Stat. § 48.091(2), (4).

recommending that Plaintiff's Motion for Final Default Judgment be denied without prejudice for lack of subject matter jurisdiction. ECF 24. Plaintiff subsequently filed an Objection to the Report and Recommendation and requested acceptance of the Declaration of Abulnaser AlSaei (the "AlSaei Declaration") as a supplemental jurisdictional statement.[3] ECF No. 25. AlSaei submitted that he is "Plaintiff's sole owner and member and is a domiciliary of Bahrain" and therefore there is complete diversity among the parties. AlSaei Decl. at 1. District Judge Altman sustained Plaintiff's Objection and required the Plaintiff to renew the motion for default judgment. *See* ECF No. 26. On March 26, 2026, Plaintiff complied with District Judge Altman's Order and filed the Renewed Motion for Default Judgment Against Defendant Skyjet, Inc.  ECF 28. In support of the Renewed Motion Plaintiff also filed

---

[3] While Federal Rule of Civil Procedure 8 requires plaintiffs' complaints to facially contain a short and plain statement on grounds for jurisdiction, evidence beyond the complaint can cure jurisdictional deficiencies. Fed. R. Civ. P. 8(a)(1). The Eleventh Circuit articulated that "we need not vacate a decision on the merits if the evidence submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing us of the parties' citizenship." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citing *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) ("The whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship. . . .")). Here, Plaintiff submitted the Declaration of Abulnaser AlSaei identifying the citizenship of the sole member of the LLC to cure the jurisdictional deficiency, which was accepted by the District Court. *See* ECF No. 26; *Arlan Asset Mgmt., LLC v. A.F.A.B. Contrs., Inc.*, No. 17cv775-MCR, 2018 U.S. Dist. LEXIS 227342, at *2 n.1 (N.D. Fla. June 1, 2018) ("Arlan brought this action on grounds of diversity jurisdiction; however, after reviewing the allegations in the Complaint, the Court entered a Notice of Deficiency, indicating that Arlan had not properly identified the citizenship of the member(s) of Arlan, an LLC. On May 22, 2018, Arlan filed an affidavit stating that Carl Lang, the sole member of the LLC, is a Missouri resident—thus satisfying its burden for purposes of establishing federal jurisdiction.").

the Declaration of Fadi Ibrahem, (the "Ibrahem Decl."), [ECF No. 29], and provided corroborating documentation as exhibits.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "After the clerk enters a default, the Court is authorized to enter a final default judgment if the party seeking it applies for one." *Univ. of Miami v. Caneup, LLC*, No. 23-cv-23829, 2024 WL 4500790, at *3 (S.D. Fla. Oct. 16, 2024) (citing Fed. R. Civ. P. 55(b)(2)); *see also* Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment."). However, "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015). "Thus, before entering a default judgment for damages, the complaint must state sufficient facts to support a substantive cause of action and include a sufficient basis for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' as set forth in the operative complaint." *Univ. of Miami*, 2024 WL 4500790 at *3 (quoting *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016)).

Once liability has been established, the Court must assess damages. The Court may examine affidavits submitted and, at its own discretion, conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. *See PNC BANK, N.A. v. Kool Stuff Designs, LLC*, No. 24-cv-61283, 2024 WL 4652130, at *3 (S.D. Fla. Oct. 31, 2024) (quoting Fed. R. Civ. P. 55(b)(2)).

## ANALYSIS

### A. JURISDICTION

"Before delving into the Motion for Entry of Default Final Judgment itself, we must verify that we have subject matter jurisdiction over this case, that we can exercise personal jurisdiction over the Defaulting Defendants, and that venue is proper in our District." *Eumori v. Buufan*, No. 25-cv-23426, 2026 U.S. Dist. LEXIS 3332, at *4 (S.D. Fla. Jan. 8, 2026).

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because the diversity jurisdiction requirements are satisfied. First, the parties are diverse. Defendant is a Texas corporation with its principal place of business in Miami-Dade County, Florida. Compl. ¶ 2. Plaintiff is a Limited Liability company organized and existing pursuant to the laws of, and with its principal place of business in, the Kingdom of Bahrain. *Id.* ¶ 1. A "with Limited Liability company" is a Bahrain business structure generally known as a limited liability company in many other jurisdictions, and, for purposes of diversity jurisdiction, is akin to a domestic limited liability company insofar as it provides for ownership and

safeguards a shareholder's personal assets by limiting liability to the amount of the share capital invested. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, "to properly allege the citizenship of [the] parties and demonstrate complete diversity, Plaintiff must (1) identify [its] owners or members, and (2) allege every state of which every owner or member is a citizen." *Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. CV1505206, 2015 WL 12656920, at *1 (C.D. Cal. July 16, 2015); *see also Karpel v. Knauf Gips KG, et al.*, No. 21-24168-Civ, 2023 WL 3995595 (S.D. Fla. June 14, 2023) (identifying the corporate form and each member of any unincorporated association in order to establish that it has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)). Abulnaser AlSaei is Plaintiff's sole owner and member and is domiciled in Bahrain. AlSaei Decl. at 1. Because Plaintiff's sole owner and member is an individual domiciled in Bahrain, Plaintiff is a citizen of Bahrain and there is complete diversity under 28 U.S.C. § 1332(a)(2). *ECB USA, Inc. v. Chubb Ins. Co.*, 113 F.4th 1312, 1318 (11th Cir. 2024).

Second, the amount in controversy exceeds $75,000. *See* Compl. (seeking an award of "compensatory and consequential damages in an amount not less than $19,009,156 plus interest, costs, disbursements, and such other relief as the Court deems just and proper").

This Court has personal jurisdiction over Defendant inasmuch as Defendant's principal place of business is in Miami-Dade County, Florida, which is within the

jurisdiction of the Southern District of Florida. *See* Compl. ¶ 2; *see, e.g., Alcala v. Michael Dawkins Grp., Inc.*, No. 23-cv-24789, 2024 U.S. Dist. LEXIS 99055, at *3 (S.D. Fla. June 4, 2024) ("And, because [Defendant] is a Florida Profit Corporation with headquarters in Miami-Dade County, Florida, doing business in Miami, Florida, [] we're also satisfied that we have personal jurisdiction over the Defendant.").

Likewise, the Southern District of Florida is a proper venue pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2) because Defendant's principal place of business in in this District. *See* Compl. ¶ 2; *see, e.g., Enelus v. Jean*, No. 25-cv-20135, 2025 U.S. Dist. LEXIS 101003, at *5 (S.D. Fla. May 28, 2025).

### B. LIABILITY

Plaintiff is seeking final default judgment against Defendant on the only count asserted in the Complaint: breach of contract. Compl. ¶¶ 5-12. "Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Phawa, LLC v. Marjaba Imp. & Exp. Corp.*, No. 21-22208-CV, 2021 U.S. Dist. LEXIS 162723, at *2 (S.D. Fla. Aug. 26, 2011), report and recommendation adopted, No. 21-CV-22208, 2021 U.S. Dist. LEXIS 172908 (S.D. Fla. Sept. 13, 2021) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). The allegations asserted in the Complaint satisfy these elements, and the Ibrahem Declaration and exhibits annexed thereto expand on the details of the Agreement, payments, and losses suffered by Plaintiff. Since Defendant has admitted these well-pled factual allegations by its default, for the reasons stated below, the Court finds that the parties formed a valid contract, Defendant materially breached

that contract, and Defendant is liable to Plaintiff for damages resulting from its breach of contract.

## 1. The Parties Entered into a Valid Contract

It is well-settled that contract formation requires "offer, acceptance, consideration, and a sufficient specification of the essential terms." *See UO Sols., LLC v. CKS SEEDS LLC*, No. 24-cv-24730, 2025 U.S. Dist. LEXIS 108919, at *3-4 (S.D. Fla. June 9, 2025). Here, the parties entered into the Agreement, which is memorialized in writing, wherein Defendant agreed to lease the specified aircraft and flight crews in exchange for a payment of $4,009,156 by Plaintiff. Compl. ¶¶ 5-6; *see* Ibrahem Decl. ¶¶ 10-11, Ex. 2 (specifying the aircraft). This unequivocally satisfies the elements of contract formation, and as such, the Parties entered into a valid contract. *See UO Sols., LLC*, 2025 U.S. Dist. LEXIS 108919, at *3-4.

## 2.  Defendant Materially Breached the Contract

Defendant's sole obligation under the Agreement was to furnish the aircraft and flight crews to Plaintiff. Ibrahem Decl. ¶¶ 10-11, Ex. 2. Thus, this term went "to the essence of the contract." *See generally Marchisio v. Carrington Mortg. Servs.*, 919 F.3d 1288, 1313 (11th Cir. 2019). It is uncontroverted that Defendant never furnished Plaintiff with the aircraft and flight crews as agreed upon in the Agreement, Ibrahem Decl. ¶ 20; Compl. ¶¶ 8-11, failing to satisfy "the essence of the contract," thus constituting a material breach of the Agreement. *See Marchisio*, 919 F.3d at 1313; *see also Forde v. Krantz*, No. 21-cv-80603, 2023 U.S. Dist. LEXIS 192940, at *19 (S.D. Fla. Oct. 26, 2023). Further, Plaintiff, the injured party, nevertheless performed its

obligation under the Agreement, having paid Defendant the contractual price of $4,009,156. Compl. ¶ 6; *see* Ibrahem Decl. ¶¶ 10-11, Exs. 2-13. The aforesaid established that Defendant materially breached the Agreement. *See Phawa, LLC*, 2021 U.S. Dist. LEXIS 162723, at *5 ("A material breach occurs only when an injured party has sustained a substantial injury due to the breach . . . . [and] the claimant must also prove performance of its obligations under the contract. . . .").

### 3.  <u>Plaintiff Suffered Monetary Damages</u>

The record supports a finding that as a result of Defendant's breach, Plaintiff suffered the following losses amounting to $415,271,939. *See* Ibrahem Decl. ¶ 47. Federal Rule of Civil Procedure 55(b)(2) does not require a district court to conduct an evidentiary hearing before determining the amount of damages. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). Indeed, the very language of Rule 55(b)(2) states, "[t]he court **may conduct hearings** . . . when, to enter or effectuate judgment, it needs to determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B) (emphasis added). "The district court may forego a hearing where all essential evidence is already in the record." *Giovanno*, 804 F.3d at 1366 (quotation marks omitted). Here, the necessary evidence is already in the record as exhibits to Fadi Ibrahem's Declaration. *See* ECF No. 22. Inasmuch as "'the record adequately reflects the basis for'" a damages award of $415,271,939, Plaintiff is entitled to an award in that amount. *See Dembi Gold LLC v. Pac. Rim Med. Supplies LLC*, No. 24-cv-23546, 2025 U.S. Dist. LEXIS 85047, at *19 (S.D. Fla. May 5, 2025) (quoting *Associated Energy Grp., LLC v. Ukraine Int'l Airlines PJSC*, No. 23-CV-21036, U.S. Dist. LEXIS

137374, at *9 (S.D. Fla. Aug. 2, 2024), report and recommendation adopted, No. 23-21036-CIV, 2024 U.S. Dist. LEXIS 148584 (S.D. Fla. Aug. 20, 2024)). The Court finds that Plaintiff suffered various damages as a direct result of Defendant's breach as follows:

### a. Payments to Defendant Under the Agreement

Plaintiff paid Defendant $4,009,155.95 in satisfaction of Plaintiff's obligations under the Agreement. Ibrahem Decl. ¶ 16, Exs. 3-13 (chart of the eleven invoices, invoices of payments); Compl. ¶ 6. The invoices specifically establish that Plaintiff made the following incremental payments (totals include the service fees) to Defendant: $50,013.92; $424,013.92; $506,763.92; $509,430.59; $509,430.59; $509,430.59; $300,013.92; $200,019.50; $100,019.50; and 900,019.50. Ibrahem Decl. ¶¶ 18(a)-(j); *see id.* Exs. 4-13, 14 (chart detailing the payments).

### b. Loss of Sky Bridge Customer Contracts

Defendant's breach resulted in Plaintiff's inability to perform twelve contracts entered into with Sky Bridge Customers, amounting in a loss of $411,242,000, Ibrahem Decl. ¶¶ 24-28, Exs. 16-27. At the time the parties entered into the Agreement, Plaintiff clearly expressed to Defendant that Plaintiff was entering into the Agreement so that it could perform services for which it was obligated under the third-party contracts and also informed Defendant of the third-party contracts it secured with the Sky Bridge Customers. Ibrahem Decl. ¶¶ 12-13; *see also* Compl. ¶ 7. In addition to this, Plaintiff informed Defendant that a breach of the Agreement would adversely affect Plaintiff with respect to the third-party contracts with the Sky

11

Bridge Customers and would cause Plaintiff to lose hundreds of millions of dollars. Ibrahem Decl. ¶¶ 13-14; *see* Compl. ¶ 7. The Parties contemplated the monetary loss from the cancelled Sky Bridge Customers contracts, when contemplating entering into the Agreement. Ibrahem Decl. ¶¶ 8-9. As such, Plaintiff's recovery of $411,242,000 would place Plaintiff "in the same position [it] would have been in had the breach not occurred." *See Fin. ERC LLC v. Lee Gause DDS PC*, No. 24-80038-CIV, 2024 U.S. Dist. LEXIS 130763, at *8 (S.D. Fla. July 22, 2024) (internal quotation marks and citation omitted).

### c. Additional Incidental Expenses

Plaintiff incurred additional expenses related to lost handling fees and expenses, totaling $20,783.44. *See* Ibrahem Decl. ¶¶ 29-38. In anticipation of Defendant's performance, Plaintiff paid for various flight support expenses, such as fueling services and land permits, and did not receive full refunds once those services were no longer needed when Defendant breached the Agreement and failed to provide the aircraft. *See* Ibrahem Decl. ¶¶ 29-38, Ex. 28.

## C. Attorney's Fees and Costs

To recover from Defendant's breach, Plaintiff retained the law firm Bond, Schoeneck & King, PLLC to bring the instant action. Ibrahem Decl. ¶ 45. Plaintiff seeks an award of $35,000 for attorney's fees and costs related to this action. Mot. at 13.

Under Florida law, the prevailing party in a breach of contract action is entitled to attorney's fees and costs. *Prior v. Neurospine Inst. LLC*, 2025 U.S. Dist.

LEXIS 189680, at *5 (S.D. Fla. July 16, 2025); *see Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992). However, before granting such an award to a prevailing party, the Court must assess whether the amount of attorney's fees requested is reasonable. *See Corey Sipkin Photography LLC v. El Extrabase Inc.*, No. 24-cv-23887, 2025 U.S. Dist. LEXIS 94898, at *7 (S.D. Fla. May 19, 2025).

Plaintiff did not provide the Court its billing records or any other materials that speak to the factors the Court must consider in its reasonableness determination, such as "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). Therefore, the Court recommends that Plaintiff's requests for $35,000 in attorney's fees and costs be denied without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Sky Bridge Cargo, W.L.L.'s Motion for Final Default Judgment be **GRANTED in part and DENIED in part** and that final default judgment be entered against Skyjet, Inc., in favor of Plaintiff Sky Bridge Cargo, W.L.L. The Court recommends that Plaintiff be awarded damages totaling **$415,271,939**, consisting of $4,009,155.95 in compensatory damage, $411,242,000 in consequential damages, and $20,783.44 in

incidental damages. However, the Court recommends that Plaintiff's motion for $35,000 in attorney's fees and costs be denied without prejudice.

### OBJECTIONS

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; S.D. Fla. Mag. R. 4(a).

**Respectfully submitted** in Chambers in Miami, Florida on this 14th day of July, 2026.

_____
**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

14